UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                    No. 1:14-CR-198

v.

                                                    HON. ROBERT J. JONKER

BRANDON ALEXANDER RUSSELL,

        Defendant.

## DEFENDANT'S MOTION MOTION FOR VARIANCE UNDER 18 U.S.C. § 3553, AND SENTENCING MEMORANDUM

### I. INTRODUCTION

For the reasons set forth below, Defendant Brandon Alexander Russell respectfully moves this Court to depart downward from the sentence range calculated by the Probation Officer due to Mr. Russell's substantial assistance pursuant to U.S.S.G. § 5K1.1. In the alternative, Mr. Russell respectfully moves this Court to vary downward under 18 U.S.C. §§ 3553(a)(1) and (a)(2)(D), also due to Mr. Russell's substantial assistance. In support of this motion, Mr. Russell submits the following:

1. Mr. Russell immediately began cooperating with law enforcement following his arrest in the instant matter. His assistance consisted of multiple proffer meetings and truthful and candid testimony at the grand jury proceedings.

2. Mr. Russell's personal history, prior sexual abuse, mental and emotional abuse, and substance abuse history made him especially susceptible to manipulation by Defendant Cox which influenced his behavior in the instant matter.

3. The aforementioned factors as well as the Government's Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1 support a sentence between 151-188 months.

For these reasons and the reasons set forth below, Mr. Russell respectfully submits that a below-Guideline sentence will accomplish the goals of sentencing set forth in 18 U.S.C. § 3553.

**ANALYSIS OF THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. § 3553**

**II.    THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

Mr. Russell's conduct in this matter is, unfortunately, accurately described in the presentence investigation report. Nothing can be stated in this memorandum to minimize Mr. Russell's offense conduct nor the very real harm that befell the victims in this case. Mr. Russell acknowledges this fact. Mr. Russell engaged in conduct for which he will forever be ashamed. Although he himself had no interested in producing child sexually exploitive material – that was the desire of co-defendant Jeffrey Cox as evident by the extensive amount of video equipment he had positioned around his home – Mr. Russell knowing participated in the sexually exploitive conduct and knowingly allowed himself to be filmed do so. He repeated the same cycle of conduct that happened to him when he was eight years old and altered the course of his life.

Since his arrest, Mr. Russell has done everything possible under the circumstances to atone for his actions and begin the rehabilitation process. Mr. Russell participated in multiple proffer interviews in 2014 and 2015 with the United States Attorney's Office where he not only provided information regarding the extent of the criminal activities of this co-defendant Jeffrey Duane Cox, but also revealed information regarding the criminal activities of other not yet charged associates. Mr. Russell also provided truthful testimony to the Grand Jury that resulted in additional charges being brought against co-defendant Cox. This cooperation was timely and Mr. Russell will

continue to provide substantial assistance should the United States Attorney's Office request it.

This Honorable Court should also consider how Mr. Russell's own sexual abuse when determining the appropriate sentence. Mr. Russell was sexually abused for more than 6 years beginning at the age of 8 years old. (PIR ¶ 72). This sexual abuse is undoubtedly a significant contributing factor of Mr. Russell's depression (PIR ¶ 78), Bipolar Disorder, Post Traumatic Stress Disorder, and Alcohol Dependence (PIR ¶ 79). While Mr. Russell's own sexual abuse does not excuse his actions in this matter, it does provide some explanation as to how and why Mr. Russell engaged in such criminal behavior. Mr. Russell's prior sexual victimization made him particularly susceptible to the influence of co-defendant Cox who provided Mr. Russell not only with a place to live but a seemingly endless supply of drugs and alcohol. Mr. Russell has expressed to counsel on numerous occasions his regret and remorse that he continued the cycle of abusive conduct that was inflicted upon himself at such a young age.

### III. THE NEED FOR THE SENTENCE TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND JUST PUNISHMENT

As the Court is well aware, section 3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense." These sentencing objectives set forth in § 3553(a)(2)(A) are generally referred to, collectively, as "retribution," which has been defined as follows:

> First, retributive, or "just desserts," theory considers only the defendant's past actions, not his or her probable future conduct or the effect that the punishment might have on crime rates or otherwise. Second, retribution examines the actor's degree of **blameworthiness** for his or her past actions, focusing on the offense being sentenced. . . . Third, the degree of

3

> blameworthiness of an offense is generally assessed according to **two kinds of elements**: the **nature and seriousness of the harm caused or threatened** by the crime; and the **offender's degree of culpability in committing the crime, in particular, his degree of intent (*mens rea*), motives, role in the offense, and mental illness or other diminished capacity**.

Richard S. Frase, *Excessive Prison Sentences, Punishment Goals, and the Eighth Amendment: "Proportionality" Relative to What?*, 89 Minn. L. Rev. 571, 590 (February 2005) (emphasis supplied).

Mr. Russell is subject to a 15-year mandatory minimum sentence in this matter. Mr. Russell submits that the 15-year mandatory minimum is certainly sufficient to reflect the serious of the offense, promote respect for the law, and provide just punishment.

IV.   **THE NEED FOR THE SENTENCE TO ADEQUATELY DETER CRIMINAL CONDUCT**

Section 3553(a)(2)(B) requires the court to consider "the need for the sentence imposed...to afford adequate deterrence to criminal activity.   A leading scholar on federal sentencing is debunking the myth that lengthy sentences have a deterrent effect. She writes:

> Indeed, while many believe that the higher the sentence, the greater the effect in deterring others, the empirical research shows no relationship between sentence length and deterrence. The general research finding is that "deterrence works," in the sense that there is less crime with a criminal justice system than there would be without one. But the question for the judge is "marginal deterrence," *i.e.*, whether any particular quantum of punishment results in increased deterrence and thus decreased crime. Here the findings are uniformly negative: there is no evidence that increases in sentence length reduce crime through deterrence. "Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006).

Amy Baron Evans, Sentencing By the Statute, April 27, 2009, available at: http://www.fd.org/pdf_lib/.  Thus, it appears there is no correlation between the length of

a sentence and its deterrent effect. The most critical factor is that there is predictable accountability. Mr. Russell is being held accountable for his actions. He was arrested, locked up in jail, and charged with a federal felony that carries a mandatory minimum sentence of 15 years. The 15-year mandatory minimum is certainly sufficient to serve as both a general and specific deterrent to future similar conduct.

### VI. PROTECTING THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

Section 3553(a)(2)(C) requires the Court to consider "the need for the sentence imposed…to protect the public from further crimes of the defendant." The objective of this provision is to address the defendant's risk of recidivism and the danger posed by the defendant, if any.

The defense submits that Mr. Russell was not predisposed to engage in this type of criminal conduct. Prior to meeting Mr. Cox, Mr. Russell had no history of engaging in sexual conduct with underage males. Accordingly, the 15-year mandatory minimum will sufficiently protect the public from the threat of any future crimes by Mr. Russell.

### VII. THE NEED FOR THE SENTENCE TO PROVIDE THE DEFENDANT WITH NEEDED VOCATIONAL TRAINING, MEDICAL CARE, OR CORRECTIONAL TREATMENT

Mr. Russell is eager to avail himself of education and vocational training. He would also like to participate in Sex Offender therapy and substance abuse counseling.

### VIII. KINDS OF SENTENCES AVAILABLE

Prison is the only available sentence in this matter. While the guidelines recommend a minimum sentence of at least 235 months, this Court is free to impose a sentence as low as 15 years.

### IX. THE ADVISORY SENTENCING GUIDELINES

The Advisory Sentencing Guideline Range is 235-293 months.  It is important to note that the Presentence Report recommend a sentence, before any departure pursuant to U.S.S.G. § 5K1 of 235 months.  Should this Honorable Court grant the United States §5K1.1 Motion, the Advisory Sentencing Guideline would fall to 151 – 188 months.

**X.      CONCLUSION**

Mr. Russell understands that his conduct and actions were reprehensible.  He truly regrets his actions and the harm he has inflicted on his victims.  Since his arrest, Mr. Russell has done nothing but attempt to assist he United States Attorney's Office and atone for his conduct.  In light of all of the aforementioned factors and Mr. Russell's substantial assistance, there is no need to exceed the mandatory minimum sentence in this matter to achieve the aims of sentencing.


Respectfully submitted,


By:    /s/ Michael R. Bartish
       Michael R. Bartish (P65097)

SPRINGSTEAD & BARTISH LAW, P.L.L.C.
Attorney for Defendant
15 Ionia SW, Suite 520
Grand Rapids, Michigan 49503
(616) 458-5500
mike@springsteadbartish.com

Dated:  October 20, 2015